448 So.2d 1224 (1984)
GROWTH LEASING, LTD., a Limited Partnership, Appellant,
v.
GULFVIEW ADVERTISER, INC., a Corporation Organized under the Laws of the State of Florida, Thomas J. Smith and C. Arthur Beavor, Appellees.
No. 83-1618.
District Court of Appeal of Florida, Second District.
April 25, 1984.
*1225 David A. Townsend of Sessums & McCall, Tampa, for appellant.
Verne L. Freeland, Miami, for appellees.
DANAHY, Judge.
In a situation apparently not previously addressed by a Florida court, we hold that the trial judge erred in concluding that a lease agreement between the appellant and the appellees was in reality a financing arrangement which constituted a usurious loan transaction.
The appellees believed they needed a certain computer for purposes of their business and selected one at Addressing Systems, Inc. (the supplier). The supplier determined that it would not finance the sale of the computer to the appellees but put the appellees in touch with the appellant. The appellees entered into an arrangement with the appellant under which the appellant would purchase the computer from the supplier and lease it to the appellees.
A lease agreement was entered into between the appellant and the appellees and the appellees took delivery of the computer from the supplier. It turned out that the computer did not meet the appellees' needs, so the appellees stopped paying rent and the appellant repossessed the computer approximately ninety days after initial delivery. The appellant then brought this action for damages resulting from the appellees' breach of the lease agreement. The appellees asserted the affirmative defense of usury. The trial judge sustained that defense. We reverse.
This court early held, and it is the general rule, that the substance of a transaction rather than the form will be examined to determine whether a transaction not cast in the form of a loan nevertheless constitutes a usurious loan transaction. For the purpose of determining substance, parol evidence is admissible, including all negotiations, circumstances and conduct of the parties surrounding and connected with their contract, any or all of which may be material in determining whether the form of the transaction covered an intent to violate the usury law. Indian Lake Estates, Inc. v. Special Investments, Inc., 154 So.2d 883 (Fla. 2d DCA 1963).
The trial judge recognized these rules and received testimony and other evidence in a nonjury trial. At its conclusion, he entered a final judgment which did not recite any findings of fact, but contained the ruling that the lease agreement in this case was in reality a financing agreement and that it was usurious under section 687.071, Florida Statutes (1983). The appellees, in support of the trial judge's ruling, point out that the evidence showed that the total rental payable under the lease agreement (exclusive of sales taxes) was $19,950.76 and the equipment was purchased by the appellant from the supplier for $13,882.00. The appellees point out also that they traded in old equipment with the supplier *1226 and received a trade-in value on the computer purchased from the supplier; that the appellees dealt with the supplier and not with the appellant; that a credit check was required; that a UCC financing statement was filed;[1] that all manufacturing warranties were transferred to the appellees under the terms of the lease agreement; that the risk of loss was totally upon the appellees; that the appellant did not maintain any showroom, inventory, or repair facilities; and the appellant was never in possession of the computer until the so-called lease agreement was breached and the computer repossessed by the appellant. All of these indicia, say the appellees, point to a loan arrangement rather than a true lease.
We disagree because there is one crucial fact present here which, in our view, is determinative. The lease agreement contains the following provisions:
13. SURRENDER-RETURN: Upon the expiration or early termination of this lease, lessee at lessee's expense, shall return the equipment in good repair; ordinary wear and tear resulting from proper use thereof alone is excepted... .
14. TITLE: Title to the equipment shall remain at all times in the name of the lessor.
When a third party purchases equipment from a supplier and then leases that equipment to the party wishing to acquire its use, the courts have found the transaction to be a loan rather than a true lease under circumstances such as those in the present case, where the lessee has the option to purchase the property at the end of the lease term for a nominal amount. The option may be contained in the lease or orally conferred on the lessee. E.g., McGalliard v. Liberty Leasing Co. of Alaska, Inc., 534 P.2d 528 (Alaska 1975); McKeeman v. Commercial Credit Equipment Corp., 320 F. Supp. 938 (D.Neb. 1970). Where there is no such option to purchase at the end of a lease term, the courts have held that the lease agreement is in fact a true lease rather than a loan transaction. E.g., Hough v. Continental Leasing Corp., 275 Ark. 340, 630 S.W.2d 19 (1982). See Annot., 94 A.L.R.3d 640 (1979). Our research has revealed no case in which a court has found a lease agreement to be a subterfuge for a loan where the lessee had no option to purchase or to acquire title at the end of the lease term.
It is true that one of the individual appellees testified "I knew at the end of the lease the equipment was supposed to be ours." However, the appellant denied any representation to the appellees to that effect, and the testimony indicated that the only such representation was made by the supplier. There was no evidence to support the proposition that the supplier was the agent of the appellant; on the contrary, the lease agreement specifically provides that the supplier is the agent of the lessee. Accordingly, there is no basis in the evidence for attributing such a representation to the appellant, whose general partner testified that it was the understanding and the intent of the appellant to retain title to the equipment and to receive it back at the end of the lease term. Thus, the evidence fails to establish that the appellees had any option to purchase or right to acquire title to the computer at the end of the lease agreement. Accord Burr v. Capital Reserve Corp., 71 Cal.2d 983, 80 Cal. Rptr. 345, 458 P.2d 185 (1969).
In our view, the trial judge reached the wrong conclusion of law based on the evidence before him. We reverse and remand for further proceedings consistent with this opinion.
BOARDMAN, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] The UCC financing statement contained the proviso that "This is a lease and filed for informational purposes only."