Monique L. WILLIAMS, an
individual, Plaintiff,

v.

DELRAY AUTO MALL, INC., a Florida
corporation, FGAP Investment Corp.,
a Florida corporation, and Franz Me-
nardy, an individual, Defendants.

Case No. 12–CV–14291.

United States District Court,
S.D. Florida,
Fort Pierce Division.

Jan. 7, 2013.

Robert William Murphy, Fort Lauderdale, FL, for Plaintiff.

Robyn Lynn Sztyndor, Robyn Lynn Sztyndor, P.A., Coral Gables, FL, Kevin H. Fabrikant, Kevin H. Fabrikant & Associates, Miami, FL, for Defendants.

## *ORDER*

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Defendants' Motion to Dismiss the Plaintiff's Amended Complaint For Damages and Incidental Relief [D.E. 16].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

## I. BACKGROUND

On May 26, 2012, Monique Williams (Williams) went to Delray Auto Mall (Delray) to investigate whether she could obtain a loan using her 2009 Jaguar XF as collateral. Franz Menardy (Menardy), on behalf of Delray, represented to Williams that Delray would be able to provide her with an unspecified amount of money through a buy back transaction. The loan transaction required Williams to transfer the Jaguar to Delray which would resell the vehicle back to Williams after various documents were executed and delivered. Upon execution of the Purchase and Finance Agreement, Delray was to transfer and/or assign said agreement to FGAP Investment Corp. (FGAP Investment).

Williams executed and delivered a Purchase and Finance Agreement to Delray for the transaction on May 26, 2012. Williams financed $19,880.24 at a disclosed annual percentage rate of 22.34%. Delray also disclosed a finance charge of $10,359.76. Williams contends that Defendants purposefully did not provide her with a complete set of the buy back documents in order to conceal the fact that it was purloining thousands of dollars of equity in the Jaguar by increasing the resale price. Williams further contends that the buy back transactional charges were not disclosed as a finance charge as mandated by federal and state consumer finance laws.

Despite the fact that Williams financed $19,880.24, she only received a $4,300.00 loan. Williams argues that Defendants falsely represented that Delray had received a $7,000.00 down payment and that Defendants, through the sham buy back transaction, charged or attempted to charge approximately $10,000.00 in interest in the inflated cash price set forth in the Purchase and Finance Agreement. Williams asserts that this $10,000.00 is a hidden charge in excess of what was disclosed to her.

On October 22, 2012, Williams filed an Amended Complaint against Defendants Delray, FGAP Investment, and Menardy. The Amended Complaint alleges that this transaction constitutes concealed usury lending using the scheme and artifice of a retail installment transaction. The Amended Complaint contains six claims: Count I violations of the Truth In Lending Act (TILA); Count II violations of Florida Motor Vehicle Retail Sales Finance Act (FMVRSFA); Count III violations of the Florida Lending Practices Act (FLPA); Count IV violations of Article IX of the Uniform Commercial Code; Count V violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA); and Count VI seeks equitable relief under the Uniform Commercial Code against Defendant FGAP Investment.

In response to the Williams' Amended Complaint, Defendants filed the instant Motion to Dismiss. Defendants assert that Williams' Amended Complaint fails to comply with the federal pleading standard under Federal Rule of Civil Procedure 8(a)(2).

## II. Legal Standard

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider allegations of the

complaint as true, and accept all reasonable inferences." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotations and citations omitted). For a claim to have facial plausibility, a Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Therefore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

## III. Discussion

### A. Count I: Truth In Lending Act Violation As To Defendants Delray And FOAP Investment

Williams alleges that Defendants Delray and FGAP Investment violated TILA by failing to disclose information required under federal law. Defendants contend that Williams' TILA claim fails because she attached an inaccurate and incomplete Bill of Sale form as Exhibit "A" to her Amended Complaint. Furthermore, Defendants attach a two-page Purchase Agreement to their Motion to demonstrate that they made all required disclosures. Williams responds that she has alleged multiple TILA violations, including inflated cash price, improper disclosure of buy-back transactional charges, failure to provide proper close-ended credit disclosures, and delivery of disclosures prior to consummation. The Court finds that Williams has properly stated a claim against Defendants for violation of TILA.

TILA and FTC Regulation Z require a creditor in a closed-ended transaction to disclose the identity of the creditor, the amount financed, the annual percentage rate, the total payments, and the total sale price. *See Cannon v. Metro Ford. Inc.,* 242 F.Supp.2d 1322, 1328 (S.D.Fla. 2002). Such disclosures must be made before the consummation of the transaction, in writing, and in a form that the customer may keep. *Id.* Contrary to Defendants' assertions, Williams has done more than rely on the Purchase Agreement attached to her Amended Complaint in establishing a claim for violations of TILA. Specifically, Williams alleges that Delray did not give her a complete set of documents containing TILA disclosures at the consummation of the agreement and that certain charges were hidden from her through the buy-back scheme. Alleging a car dealership has withheld documents or covered up TILA disclosures in the purchase of a vehicle is sufficient to survive a motion to dismiss. *See Id.* at 1329.

Moreover, the fact that Defendants attached a document to their Motion to Dismiss does not negate the fact that Williams claims she did not receive a complete agreement with all required disclosures. As mentioned above, at the motion to dismiss stage the Court must treat the allegations of the complaint as true and in a light most favorable to the plaintiff. *Omar ex rel. Cannon,* 334 F.3d at 1247. The Court finds that Williams has properly stated a claim under TILA.

### B. Count II: Florida Motor Vehicle Retail Sales Finance Act Violation As To Defendants Delray And FGAP Investment

Williams contends Defendants Delray and FGAP Investment violated the FMVRSFA by failing to provide required consumer disclosures. Defendants argue

that Williams' FMVRSFA claim fails for two reasons. First, Defendants claim that as long as the sales contract complied with TILA and contained an itemization of financing pursuant to Fla. Stat. § 520.07(2), the contract did not violate the FMVRSFA. Defendants claim that the Exhibit attached to their Motion to Dismiss contains the requisite TILA requirements and itemization required under Florida law. Second, Defendants assert that the finance charge incurred by Williams is not in excess of the limitations expressed in Fla. Stat. § 520.08(1). Additionally, Defendants' Motion contains a detailed mathematical formula which allegedly demonstrates that they have not exceeded Florida's finance charge limitations. In response, Williams argues that even if Defendants' mathematical formula is correct, Defendants charged her in excess of approximately $10,000 more than the disclosed finance charges. Williams also contends that the Purchase and Finance Agreement given to her by Defendants does not satisfy the form and content requirements of the FMVRSFA. The Court finds that Williams has properly plead a cause of action under the FMVRSFA.

The FMVRSFA requires a retail contract to include: (1) the amount financed; (2) financial charge; (3) total of payments; and (4) total sale price. Fla. Stat. § 520.07(2)(a)–(d). Defendants are correct in stating that under Florida law a retail assignment contract complied with the FMVRSFA if it complies with TILA and contains a written itemization of financing. *Cannon,* 242 F.Supp.2d at 1333. However, the exhibit attached to Defendants' Motion to Dismiss does not negate the fact that Williams alleges she did not receive all the documents or was informed of the TILA disclosures.

Moreover, Fla. Stat. § 520.08(1) limits the finance charge which may be included in the sale of a vehicle based on the "class" of the vehicle. Defendants claim that Williams' Jaguar falls within Class 3, which requires the finance charge to be no more than $15 per $100 per year. Fla. Stat. § 520.08(1)(c). Defendants' Motion includes a formula to determine whether the finance charge falls within this standard, citing *In re John Ryan Corcoran, et al.,* 268 B.R. 882 (Bankr.M.D.Fla.2001). Using said formula, Defendants have determined that the finance charge incurred by Williams falls within the proper range. It is not necessary to determine whether Defendants actually exceeded the maximum finance charge permitted by Florida law at this time. Williams need only demonstrate that the claim is plausible on its face. *See Iqbal,* 129 S.Ct. at 1949. Williams has properly pled a claim under the FMVRSFA.

## C. Count III: Florida Lending Practices Act Violation As To All Defendants

Williams alleges that Defendants violated the FLPA by willingly and purposefully concealing the true terms for the extension of credit represented by the Purchase and Finance Agreement. Defendants argue that Williams' claim for violation of the FLPA should be dismissed because (1) the interest rate under the contract is not usurious under Florida law; (2) Florida usury laws are generally construed to apply to loans of money rather than the purchase of property; and (3) the type of transaction entered into by parties is not one in which Florida's usury laws apply. In response, Williams argues that in determining whether a transaction is usurious, the Court must look at the substantive transaction and not the form given to it by the parties. Williams further claims that Defendants' assessment that the interest rate was below Florida's interest rate ceiling is incorrect. The Court finds that

Williams has properly pled a claim for relief under the FLPA.

 Florida law defines a contract for the payment of interest upon any loan, advance of money, line of credit, or forbearance to enforce the collection of a debt as usurious when the interest rate exceeds the equivalent of eighteen percent. Fla. Stat. § 687.02(1). In order to properly state a usury claim under Florida law, there must be (1) an express or implied loan; (2) an understanding between the parties that the money lent shall be repaid; (3) a greater interest rate than is allowed by law; and (4) corrupt intent of the lender to exact more than the legal rate of interest. *In re Omni Capital Group, Ltd.,* 157 B.R. 712, 717 (Bankr.S.D.Fla.1993); *Dixon v. Sharp,* 276 So.2d 817, 819 (Fla. 1973). Furthermore, the substance of the transaction, rather than the form, will determine whether a transaction is usurious. *Beausejour Corp., N.V. v. Offshore Dev. Co. Inc.,* 802 F.2d 1319, 1320 (11th Cir. 1986) (citing *Growth Leasing, Ltd. v. Gulfview Advertiser, Inc.,* 448 So.2d 1224, 1225 (Fla. 2d DCA 1984)).

██ It is not for the Court to determine whether the interest rate of the parties transaction exceeded the amount permitted by Florida law as Defendants seem to suggest. At this time, the Court must only determine whether Williams properly plead a claim under the FLPA. Williams' Amended Complaint alleges that Defendants willfully and purposefully concealed the true nature of the extension of credit represented by the Purchase and Finance Agreement. Although Williams does not expressly allege that the "effective interest rate charged" by Defendants exceeded the eighteen percent ceiling permitted under Florida law, the Court does not find this flaw fatal to her claim. Williams' Amended Complaint sufficiently states that she received a loan from Defendants, the Purchase and Finance Agreement was usurious pursuant to Fla. Stat. § 687.02, and that the buy-back program instituted by Defendants was a sham to evade Florida's usury laws. Williams alleged sufficient facts to state a claim under the FLPA.

## D. Count IV: Uniform Commercial Code Article IX Violation As To Defendant FOAP Investment

██ Count IV of Williams' Amended Complaint alleges Defendant FGAP Investment violated Article IX of the Uniform Commercial Code by not acting in a commercially reasonable manner and failing to provide the required statutory notice of private or public sale. Defendants assert that Williams has not pled the requisite foundation to recover under Florida Statute § 679.610. Defendants state that section 679.610 refers to the disposition of property after default. Defendants argue that this section does not apply to the current proceedings because Williams' Jaguar has not been disposed of and that Williams does not allege its disposal in the Amended Complaint. In response, Williams argues Defendant FGAP Investment did not comply with the notice requirements of Florida Statute § 679.614 and that the Uniform Commercial Code does not require a secured creditor to dispose of the collateral as a condition to recovery. The Court finds that Williams has not properly pled a claim for relief under the Uniform Commercial Code.

Florida Statute § 679.610 requires creditors to act in a "commercially reasonable" manner in the disposition of collateral. Fla. Stat. § 679.610(2). This includes a reasonable method, manner, time, and place of the sale. *Id.* Williams' Amended Complaint does not include allegations that the car was disposed of, nor does it contain any allegations of FGAP Investment's commercially unreasonable behavior. The Amended Complaint merely states that

Williams' Jaguar was repossessed on July 11, 2012. The Amended Complaint is completely devoid of any additional factual allegations relating to the UCC violation other than stating that PGAP Investment acted in a "commercially unreasonable" manner. Williams must do more than plead the elements of a cause of action to survive a motion to dismiss. *Iqbal,* 129 S.Ct. at 1949. Williams has not stated a claim under the Uniform Commercial Code.

### E. Count V: Florida Deceptive and Unfair Trade Practice Act Violation As To All Defendants

Williams contends Defendants violated the FDUTPA by violating the Federal Trade Commission Regulation on the Sale of Used Motor Vehicles and engaging in unfair methods of competition and unconscionable and deceptive acts. Defendants argue that Williams' Amended Complaint does not allege a deceptive act or unfair practice which is not contradicted by the exhibits attached to the Amended Complaint or in some other manner. In response, Williams contends that she properly pled the "Scam Buy–Back Transaction" is deceptive and unfair under the FDUTPA. Williams further alleges that Defendants' conduct violated the "FTC Used Car Rule" and therefore is a *per se* violation of the FDUPTA. The Court finds that Williams has properly stated a claim under the FDUPTA.

 The FDUPTA declares unlawful any method of unfair competition, unconscionable acts or practices, and unfair or deceptive acts or practices. Fla. Stat. § 501.204(1). In order to claim a "traditional" FDUPTA violation, a plaintiff must establish (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *See Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.,* No. 10–CV–22153, 2011 WL 4434891 at *5 (S.D.Fla.

Sept. 23, 2011) (citations omitted). A *per se* violation of the FDUPTA occurs when the transgression stems from " '[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition or unfair, deceptive, or unconscionable acts or practices.' " *Blair v. Wachovia Mortg. Corp.,* No. 11–cv–566–Oc–37TBS, 2012 WL 868878, at *3 (M.D.Fla. Mar. 14, 2012) (citations omitted).

 Defendants are incorrect in arguing that Williams has not alleged that a deceptive act or unfair practice has occurred. Furthermore, Williams' allegations in her Amended Complaint are not contradicted by the attached exhibits. Williams' Amended Complaint contends that Defendants withheld the complete set of documents containing necessary disclosures and argues that certain fees and charges were not disclosed. The alleged behavior of Defendants fit within the definition of a "traditional" FDUPTA violation. *See Blair,* No. 11–cv–566–Oc–37TBS, 2012 WL 868878, at *3 (noting that a deceptive or unfair practice may be found when there is an omission that is likely to mislead the consumer).

 Moreover, the Court finds that Williams has properly stated a claim for a *per se* violation of FDUPTA as well. The Amended Complaint alleges that Defendants violated both FTC Used Car Rule and the FDUPTA motor vehicle provisions. Such allegations are sufficient to find a *per se* violation of the FDUPTA. *See Tuckish v. Pompano Motor Co.,* 337 F.Supp.2d 1313, 1321 (S.D.Fla.2004) (finding allegations that a car dealership violated the FTC Used Car Rule sufficient to plead a *per se* violation of the FDUPTA). Williams has sufficiently pled a claim under FDUPTA.

### F. Count VI: Action for Equitable Relief under the UCC As To Defendant FOAP Investment

Count VI seeks equitable relief under the Uniform Commercial Code against Defendant FGAP Investment. Defendants contend that Williams cannot seek equitable relief because there are other adequate remedies available to her. Defendants look to the previous counts pled by Williams in her Amended Complaint in determining that equitable relief should not be available. Williams contends that Revised Article 9 of the UCC provides for injunctive relief for failure to comply with the article. While Williams is correct in noting that Fla. Stat. § 679.625 provides for injunctive relief for UCC violations, the Court finds that Williams has not stated a valid claim.

As noted above, Williams has not plead sufficient facts in her Amended Complaint to find that Defendant FGAP Investment violated Fla. Stat. § 679.610. The Amended Complaint merely alleges that the Jaguar was repossessed on July 21, 2012. The Amended Complaint does not contain any information regarding sale after repossession, improper notice of sale, or commercially unreasonable behavior after the Jaguar was repossessed. Therefore, Williams has not stated a claim for equitable relief under the Uniform Commercial Code.

### IV. Conclusion

Plaintiff has adequately and properly pled a cause of action under the Truth In Lending Act, the Florida Motor Vehicle Retail Sales Finance Act, the Florida Lending Practices Act, and the Florida Deceptive and Unfair Trade Practices Act. Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint [D.E. 16] is **GRANT-** ED in part. Counts IV and VI are **DISMISSED.** It is further

**ORDERED AND ADJUDGED** that within 10 days of the entry of this Order, Plaintiff may file an amended complaint.